This is a case involving a sentencing appeal that only appealing the sentencing issues on the special conditions. I want to talk first about the home confinement, the special condition, if I may. This is an interesting situation where the judge used the home confinement as a way to not as an incarceration tool, but as a rehabilitation tool for a 10-month period. The judge did reduce the sentence. It was originally 809 months, but it's reduced to 75 months. And on a deliberate departure, also, because of his maleness condition as well. But when you look at this particular situation, I guess what worries me is, what's the standard of review here? Well, the standard of review is abuse of discretion. It'll be based on the time. Okay, so when I look at this home confinement condition, and I'm determining whether it's an abuse of discretion, I have to look at what the judge said, right? Correct. And he received a downward variance, your client. The period of home confinement didn't change that. The only thing that happened was, and the judge explains why he thinks home confinement is a good condition in this particular matter. It isn't as if the judge didn't say anything. It isn't as if the judge just did this on a lark, and we can't explain why he did it. We know why he did it. Now, I think you need to convince me that what the judge said is an abuse of discretion. Judge, I think there's a deprivation of liberty that is more than necessary. Because what if there's no home for him to reside in, for home confinement? It's not incarceration. It's not consistent with the policy stated by the Sentencing Commission. The Sentencing Commission guidelines 51.3 states that home detention may be imposed as a condition supervised release, but only as a substitute for imprisonment. This is not a substitute for imprisonment. And if you look at the conditions of probation statute, section 3563, it says the same thing, that home confinement is to be used only as an alternative incarceration. She did not use it as an alternative incarceration. This is a deprivation of liberty. And how are you supposed to help him be successful in his mental health treatment to obtain skills to have normal social interactions? It would be helpful, Judge, if it wasn't confinement. You know, what are we going to have with this vehicle right here? I'm trying to get you to talk about what did the district court say? Why is abuse of discretion totally irrational? It's punitive in nature, because it's home confinement. It's not incarceration. It is punitive in nature. You can come at home with him in a home confinement. You can still get the help he needs. It's just punitive in nature, and it violates the sentencing. The jury has to decide if you've got a case that says, in this particular situation, this is abuse. No, I don't, Your Honor. But I have the sentencing guidelines in the statute. I have the sentencing guidelines, too. Okay. Let me go to that. All right. The no care obligation, the staff restriction. We argued and objected that this should be tied to master's compliance with the restitution. The sentencing guidelines, again, are a guidance here, 5G1.383, state that the sentencing guidelines recommend that this condition be imposed where the defendant is not in compliance with the restitution. Is it where otherwise appropriate? That's correct. It has another clause. No, don't just try to limit me to restitution when otherwise appropriate. Here's the problem. When you use it in a manner because of the criminal conduct, this isn't U.S. v. Brown, you can use it in every case. You can use it in every case. Let me ask you this. In this particular manner, it seems here, there's a little bit of extra problem. Was this – did your client have a financial obligation? Yeah, my client does have a restitution obligation. Did he have to pay his obligation? Yeah, he has to pay it. I only knew it. He's going to get a job when he gets out. Okay. United States judge Jeremiah says if he's got an obligation and the judge is trying to make sure he doesn't, that's a good reason to do this. There's already a special condition that would fulfill the court's purpose, and that's condition number 5X. That's the financial information. That's already a tool to monitor his debt. This is kind of too much. It's unreasonable to go this far. And so why can't you use a special condition to work on that and make it an abuse of discretion? Well, I think that's a good question. My worry is that all of these, you've got a great argument about reasonability. You may have swayed me, but that doesn't mean my colleague who's sitting there listening knows what this is all about, makes a determination based on that knowledge, which I don't have. And now I'm supposed to say that's an abuse of discretion because an abuse of discretion has got to be totally, totally irreconcilable. It's sort of the ordinary. Right. Again, it's a situation that involves a greater deprivation of liberty. You've already got special condition number 5. Why do you need this? This is going to stop him from getting any, from entering into any financial contracts. You've also already done this. I mean, isn't that, he's probably going to see access to a whole bunch of credit cards by going online with his credit card. Correct. So why is that under these facts reasonable to say you have to come before the court to get approval? Well, this language is really broad. You can't negotiate or consummate any financial contracts. You think it's broader than that. You made the argument, I believe, that he couldn't go and use a debit card to pay for his ownership. Is that a financial contract? Are we really talking about a written contract? You can make financial contracts. They're all cash transactions. You can do that, and under this, this is vague, and you might be violating that situation. Well, I mean, you're, I think it's a stretch. Maybe it's a stretch to argue that that kind of reasonable action would serve these conditions. Understood. Can I interrupt at two and a half minutes? Is it appropriate if I talked about the computer restrictions briefly? Sure. You can go on. I'm giving you a chance on every one of them. Okay. The computer restrictions monitoring issue, special condition number six. This one is interesting. This restriction is really unconstitutionally vague because they are requesting an affirmative duty to provide information with regard to, it says you shall provide the probation with accurate information regarding your entire computer system. What does that mean? We live in a world today where the Internet is now involved in everything, everything, not just your computer, because it has language in your Internet service providers. The Internet of Things, being close to Silicon Valley here, is where this started. The Internet now is involved in gaming devices, turning on your lights, TVs, artificial intelligence like Alexa, printers, alarm monitoring by video. You know, there's a due process concern because Mr. Masters really doesn't know what he has to comply with here. It's too vague. Can you turn off his tracking system on his phone? Yes, you can. How do you distinguish a bear? Well, the problem with bears is you only need a, for me it is, you only need a problem for your argument, for my argument. The bottom line is it's a solid bear. Right, you do it. It requires a nexus. Which there is. With deterrence of protecting the public from future harm in this particular situation. But this nexus can still cause due process concerns. I mean, bear seems to be saying to me, don't get involved on an abuse of discretion basis in this. Well, it is. And you can get the nexus. Well, the nexus causes due process concerns, and he's going to be in a situation where it's more restrictive than necessary. It's going to violate his custody rights to privacy. It's got to be reasonably related to protection of the public, I understand, but also through rehabilitation. And so he's going to get in trouble because he has a spondylocystis spectrum disorder, and he's going to reformat his hard drive and change operating systems because he likes to use Linux. And is that a violation? I mean, you can find a nexus but still have due process concerns, and that's my argument. Okay. Anything else you want to say? No, thank you very much. You've got one argument you think you're going to win. Pardon me? You've got one argument I think you're going to win. That's the one about the judge says one thing in sentencing and one thing written down. Yes, that's correct. All right. Thank you. Good morning, Your Honors. Edith DeNilson appearing on behalf of the government. May it please the Court. The District Court did not err in imposing any of the gentleman's conditions, and I'm going to address them in the order that the Master's Counsel talked about this morning. Regarding home confinement, there was certainly no abuse of discretion. The Court was particularly concerned that Masters receive sufficient mental health treatment. There was a discussion on the record about why in Nevada infusion was probably not going to be available, and given that the District Court coupled his home confinement condition with the term that he would eventually get mental health treatment, and it's not as restrictive as was argued. There's usually conditions such as the defendant can have the conditions for medical appointments, court appointments, job, things like that. So we're not talking about where he's literally locked up in his house. And in addition, if he does not have a suitable home for reentry upon release, it's standard practice that he would be assigned a period of residence in a residential reentry center. So that's not a concern either. Statutes that were cited relate to home confinement in lieu of prison. That's not what we're dealing with. We're talking about a condition of supervised release. Regarding the obligation condition, again, this was particularly important to the District Court because of Masters' underlying fraud, his long history with fraud, and the sophistication that he used here. What does it mean? What does it cover? What's the obligation? We should use the standard construction where we look at if there are specific terms in this condition which there are, we should constrain the general conditions to comport with those. And so here when we have credit cards, new lines of credit, and other financial contracts, financial contracts should be constrained to be similar to those. And so that doesn't include cash transactions, and I would argue that that includes debit card transactions because Devin has essentially had to have cash in your account for that. And the issue with regard to restitution, it was not whether he's paying restitution. It was how he was going to pay it. The prior panel who heard the substance of this case on the first appeal affirmed the sophisticated means enhancement, and that was because of the tools that Masters used to engage in fraud. It was the Internet and the computer. Things like that were tools of his fraud, and so the District Court doesn't want him going out and utilizing those credit card sales in order to take on new debt in order to pay restitution. Regarding the computer restriction, as Your Honor recognizes, this is more than reasonable under BEAR. And again, this is something where if there's challenge words such as information, we need to construe those along with the specific terms. In BEAR, there were some terms such as data compilations and things like that. We need to look at what the District Court was trying to do here. The Goddard case says if there's a condition that has some generality, this Court should construe it to concord with the District Court's intentions as well as comply with Section 3583. And so in this case, it would be the District Court was concerned that Masters was engaging in fraud. And so what are the tools of his fraud? We're talking about things like computers, things that can connect to the Internet. In the Internet of Things, it's really hard to see how something like a smart refrigerator or a smart thermostat would be able, Masters would be able to use those to engage in fraud. So this Court should follow Goddard and should interpret those conditions, any words in those conditions that might be somewhat general to concord with what the District Court was trying to do, which is to keep him from using particular things to return his pattern of previous fraud. Those are the things. I'll respond to everything that the counsel argued. And it's my understanding that the State is agreeing that the difference between the sentencing and the one written down is something we ought to amend. That's correct, Your Honor. It looks like it was an overstatement in the written judgment. And so we would request the limited remand so that can be corrected to match what the District Court said had the resentencing. Do you have anything else for me to? I do not, Your Honor. Thank you. Thank you. I don't really see anything you got to talk about, but I'll give you, how about 30 seconds? I just want to say one thing in computer monitoring is that we agreed at the time of sentencing that we would obviously not object to monitoring software in the computer, especially when the addition requires that you provide information. For example, if he's got a phone that's not on the Internet, does he have to give him the text of his phone? Those types of issues, and we just think it's thankful. Thank you. Thank you. Thank you very much for your argument, both of you. Absolutely not. This is case 1610200 is now submitted, and we will turn to 1610255, United States v. Chowdhury. Mr. Chowdhury.
judges: Fisher, Schroeder, N.R. Smith